UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 5-35(DSD)
Civil No. 14-2051(DSD)

United States of America,

       Plaintiff,

v.                                       **ORDER**

William Joseph Headbird,

       Defendant.

    Clifford B. Wardlaw, Assistant U.S. Attorney, 316 North Robert Street, Suite 404, St. Paul, MN 55101, counsel for plaintiff.

    Katherine Menendez, Office of the Federal Defender, 300 South Fourth Street, Suite 107, Minneapolis, MN 55415, counsel for defendant.

This matter is before the court upon the motion by defendant William Joseph Headbird to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Based upon a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motion and grants a certificate of appealability.

**BACKGROUND**

On February 8, 2005, Headbird was indicted on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). ECF No. 1. He proceeded to trial and was convicted of the offense on May 13, 2005. ECF No. 36. A Presentence Investigation Report (PSR) was prepared, which

determined that Headbird was subject to an enhanced sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). The PSR applied the ACCA based on Headbird's prior Minnesota felony convictions of theft of a motor vehicle, use of a motor vehicle without consent, attempted escape from custody, escape from custody, felony attempted escape, and second degree assault. PSR ¶ 23. At sentencing, Headbird argued that his theft of a motor vehicle and escape convictions were not predicate offenses under 18 U.S.C. § 924(e). See ECF No. 51, at 2. The court disagreed, and on December 9, 2005, the court sentenced Headbird to a term of imprisonment of 327 months. See ECF No. 54. Headbird appealed and the Eighth Circuit affirmed. United States v. Headbird, 461 F.3d 1074, 1079-80 (8th Cir. 2006), abrogated in part by Chambers v. United States, 555 U.S. 122, 126-27 (2009). On June 20, 2014, Headbird filed the instant motion under § 2255, arguing that his 327-month sentence must be vacated because his escape convictions are no longer violent felonies in light of Descamps v. United States, 133 S. Ct. 2276 (2013).[1]

---

[1] Headbird's convictions for theft of a motor vehicle and use of a motor vehicle without consent are no longer predicate offenses under the ACCA. See United States v. Miller, 305 F. App'x 302, 303 (8th Cir. Dec. 30, 2008).

**ANALYSIS**

Section 2255 provides a federal inmate with a limited opportunity to challenge the constitutionality, legality, or jurisdictional basis of a sentence imposed by the court. 28 U.S.C. § 2255. This collateral relief is an extraordinary remedy, reserved for "transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). Headbird argues that his escape convictions are no longer predicate offenses after Descamps, and as a result, his sentence exceeds the statutory maximum term of 10 years for a violation of 18 U.S.C. § 922(g).

**I.   Relief Under Descamps v. United States**

The ACCA imposes a mandatory 15-year sentence for a defendant who is convicted of being a felon in possession of a firearm and who has three previous convictions for a violent felony. 18 U.S.C. § 924(e)(1). A prior conviction is a violent felony if it "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) ... otherwise involves conduct that presents a serious potential risk of physical injury to another." Id. § 924(e)(2)(B). Courts typically utilize a "formal categorical approach" to determine whether a prior conviction is a violent felony. Descamps, 133 S. Ct. at 2283

(quoting <u>Taylor v. United States</u>, 495 U.S. 575, 600 (1990)). Under this approach, the court looks "only to the statutory definitions ... of a defendant's prior offenses." <u>Id.</u> (citation and internal quotation marks omitted). If the relevant statute "sweeps more broadly than the generic [ACCA] crime, a conviction under that law cannot count as an ACCA predicate, even if the defendant actually committed the offense in its generic form." <u>Id.</u>

In certain circumstances, a "modified categorical approach" may be used, in which the court "look[s] beyond the statutory elements" and examines a "limited class of documents to determine which of a statute's alternative elements formed the basis of the defendant's prior conviction." <u>Id.</u> at 2283-84. <u>Descamps</u> held that the modified categorical approach can only be applied to "divisible" statutes which set forth alternative elements. <u>Id.</u> at 2285. This is "[b]ecause only divisible statutes enable a sentencing court to conclude that a jury (or judge at a plea hearing) has convicted the defendant of every element of the generic crime." <u>Id.</u> at 2290.

Headbird argues that, in light of <u>Descamps</u>, the escape statute under which he was convicted is no longer a predicate offense because it is indivisible and in part prohibits nonviolent conduct. <u>See</u> Minn. Stat. § 609.485, subd. 1 (1994) ("'Escape' includes departure without lawful authority and failure to return to custody following temporary leave ...."); <u>United States v. Tucker</u>, 740 F.3d

4

1177, 1183-84 (8th Cir. 2014) (en banc) (holding that, after Descamps, a conviction under an indivisible Nebraska escape statute did not qualify as a violent felony). Even if the convictions are no longer violent felonies under the ACCA, however, the court finds that Headbird is not entitled to relief because his motion is untimely.

Section 2255 imposes a one-year limitation period that begins to run, in relevant part, from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). "[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final." Chaidez v. United States, 133 S. Ct. 1103, 1107 (2013) (quoting Teague v. Lane, 489 U.S. 288, 301 (1989)). A result is not dictated by precedent "unless it would have been apparent to all reasonable jurists." Id. (citation and internal quotation marks omitted).

Headbird argues that Descamps created a new rule that applies retroactively on collateral review. Specifically, Headbird argues that precedent would not have compelled reasonable jurists to hold that the modified categorical approach can only apply to divisible statutes. The court disagrees. The majority clearly looked to existing precedent to resolve when the modified categorical

approach may be applied. See Descamps, 133 S. Ct. at 2283 ("Our caselaw ... all but resolves this case."). In particular, the Court relied on Taylor v. United States, 495 U.S. 575 (1990), and Shepard v. United States, 544 U.S. 13 (2005), to resolve the issue. Taylor adopted the formal approach to determining ACCA predicate offenses and held that the modified categorical approach could apply only in narrow circumstances. See Descamps, 133 S. Ct. at 2283-84 (citing Taylor, 495 U.S. at 599-602). Shepard held that a conviction based on a guilty plea could be an ACCA predicate only if the defendant admitted the elements of the generic offense. Id. (citing Shepard, 544 U.S. at 26). Indeed, in overruling the Ninth Circuit, the Descamps majority stated that the lower court's opinion disregarded "everything we have said on the subject." Id. at 2286.

Moreover, although the Eighth Circuit has not determined whether Descamps established a new rule, the courts that have addressed the issue have uniformly determined that it did not.[2] See, e.g., United States v. Montes, 570 F. App'x 830 (10th Cir. July 7, 2014); Comstock v. United States, No. 13-CV-1979, 2014 WL

---

[2] The court is aware of two cases in which Descamps was applied retroactively on collateral review. In both, however, the government either conceded or did not oppose the application of Descamps. See United States v. Isodoro, No. 13CR394, 2013 WL 5353001, at *2 (S.D. Cal. Sept. 23, 2013) (noting the government's concession that "Descamps is retroactive and applies to the instant case"); Penn v. United States, No. 08-cr-554 (D. Md. filed Feb. 3, 2014) (granting § 2255 motion "without opposition").

3384675, at *4 (D. Minn. July 10, 2014); United States v. Martin, No. 4:03CR61, 2014 WL 3845879, at *1 (N.D. Fla. July 7, 2014) (collecting cases). Consistent with those persuasive rulings, the court finds that Descamps did not establish a new rule that can apply retroactively to challenge Headbird's sentence. As a result, Headbird's motion is untimely and § 2255 relief is not warranted.[3]

## II. Certificate of Appealability

To warrant a certificate of appealability, a defendant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a petition is dismissed on the merits, a prisoner must establish that "reasonable jurists" would find the court's assessment of the constitutional claims "debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). When a petition is dismissed on procedural grounds, however, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and ... whether the district court was correct in its procedural ruling." Id.

Although the court holds that Headbird's motion is untimely, it acknowledges that plausible arguments exist for why Descamps created a new rule that applies retroactively. First, the

---

[3] The government also argues that, even if Descamps applies, Headbird remains subject to the ACCA because he has two previous felony convictions for terroristic threats that should have been counted as predicate offenses at sentencing. Because Headbird's motion is untimely, the court does not consider this argument.

majority's observation that its decision "is controlled by a prior decision, is not conclusive for deciding whether the current decision is a new rule." Butler v. McKellar, 494 U.S. 407, 415 (1990) (internal quotation marks omitted). The court also finds Descamps to be similar to Begay v. United States, 553 U.S. 137 (2008), which applies retroactively. See Lindsey v. United States, 615 F.3d 998, 1000 (8th Cir. 2010). Begay held that a predicate offense must be "roughly similar, in kind as well as in degree of risk posed" as a generic ACCA offense. Begay, 494 U.S. at 143. Finally, at least two circuit courts applied the modified categorical approach to indivisible statutes before Descamps. See, e.g., United States v. Aguila-Montes de Oca, 655 F.3d 915, 940 (9th Cir. 2011) (en banc); United States v. Armstead, 467 F.3d 943, 947-48 (6th Cir. 2008); see also Caspari v. Bohlen, 510 U.S. 383, 395 (1994) (holding that a rule was new in part because of a split between two federal appellate courts and several state courts).

As a result, the court finds that reasonable jurists could debate whether Headbird's motion is timely. Moreover, because Headbird advances credible arguments that his sentence exceeds the statutory maximum in light of Descamps, the court finds that, at a minimum, reasonable jurists could disagree as to whether his motion states a valid claim for the denial of a constitutional right. As a result, a certificate of appealability is warranted.

8

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.  The motion to vacate, set aside, or correct sentence [ECF No. 64] is denied; and

2.  Pursuant to 28 U.S.C. § 2253, the court grants a certificate of appealability as to whether Descamps recognized a new right that was made retroactively applicable to cases on collateral review.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  January 5, 2015

                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court